IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE PAULINO CHAVEZ, | § | |
| TDCJ #1113429, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3204 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Jose Paulino Chavez (TDCJ #1113429), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion to dismiss [Doc. # 5], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Chavez, who is represented by counsel in this instance, has filed a reply [Doc. # 8]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.    BACKGROUND**

Chavez is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of a state court conviction in cause number 874365. In that case, Chavez was accused of committing aggravated robbery with a deadly weapon, namely, a firearm. A jury in the 338th District

Court for Harris County, Texas, found Chavez guilty as charged on June 26, 2007, and sentenced him to serve thirty-five years' imprisonment.

Chavez' conviction was affirmed in an unpublished opinion. *See Chavez v. State*, No. 01-07-00563-CR, 2008 WL 5263404 (Tex. App. — Houston [1st Dist.] Dec. 18, 2008). Chavez filed a motion for rehearing, which was denied on February 19, 2009. Although he obtained an extension of time until May 7, 2009, Chavez did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Chavez now seeks a writ of habeas corpus to challenge his state court aggravated robbery conviction under 28 U.S.C. § 2254. In a petition filed on September 3, 2010, Chavez contends that he is entitled to relief because he was denied effective assistance of counsel at his trial. In particular, Chavez complains that his trial attorney failed to raise an objection to the admission of testimony given by Chavez at a hearing held in connection with his criminal case. The respondent contends that Chavez' petition is untimely and barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). The parties' contentions are discussed further below.

## II.    ONE-YEAR STATUTE OF LIMITATIONS

All federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations

period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

As noted above, Chavez challenges a state court conviction that was entered against him on June 26, 2007. Where a state court conviction is at issue, the statute of limitations for federal habeas corpus review is determined by 28 U.S.C. § 2244(d)(1)(A). Under this statute, a petitioner has one-year to file a federal habeas petition, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In Chavez' case, direct review concluded on May 7, 2009, when his time expired to file a petition for discretionary review with the Texas Court of Criminal Appeals. The respondent notes, therefore, that Chavez' conviction became final for purposes of habeas corpus review on that date.

In his response to the motion to dismiss, Chavez insists that, under Texas law, a criminal conviction does not become final until the mandate issues. Therefore, Chavez argues that the statute of limitations did not begin to run until September 3, 2009, when the intermediate court of appeals issued the mandate in his case [Doc. # 8, Ex. A]. The Fifth Circuit rejected this precise argument in *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003). In *Roberts*, the Fifth Circuit held that the issuance of a Texas appellate court's mandate "is of no consequence" for the purpose of determining finality under 28 U.S.C. § 2244(d)(1)(A). *Id.* at 695. Therefore, Chavez's conviction became final as that term is used in 28 U.S.C. § 2244(d)(1)(A) when his time to file a petition for discretionary review expired on May 7, 2009. That date triggered the AEDPA statute of limitations, which expired one-

year later on May 7, 2010. The pending federal habeas petition, filed on September 3, 2010, is late by several months and is time-barred unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state post-judgment or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The record shows that Chavez filed a state habeas corpus application on January 26, 2010, which the Texas Court of Criminal Appeals denied on March 17, 2010.[1] *See Ex parte Chavez*, No. 64,006-04. This application, which was pending for fifty-one days, extended the deadline to file a habeas corpus petition in federal court until Monday, June 28, 2010. Even with statutory tolling, however, the pending federal petition that Chavez submitted on September 3, 2010 remains untimely.

Chavez has filed a response to the motion to dismiss. However, Chavez has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Chavez offers no explanation for his failure to file a timely habeas petition in federal court and he does not otherwise assert grounds for

---

[1] Chavez was represented by counsel on state habeas review by the same attorney who filed his federal habeas corpus petition.

equitable tolling of the statute of limitations.[2] Absent a showing that Chavez is entitled to tolling of the limitations period, his petition must be dismissed as untimely.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

---

[2] The Court notes, nevertheless, that the petitioner's ineffective-assistance claim was raised and rejected by the state habeas corpus court, which found that Chavez failed to establish deficient performance or actual prejudice. Alternatively, the state habeas corpus court found that the complained of error, if any, was harmless in light of the evidence of the petitioner's guilt. The Texas Court of Criminal Appeals agreed and denied relief based on the trial court's findings. *See Ex parte Chavez*, No. 64,006-04 (Tex. Crim. App. March 17, 2010).

the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss [Doc. # 5] is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 31, 2011.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge